Judge Owslev
delivered the opinion-.
'1 his is an appeal from a judgment of restitution, recovered bv Woodfork on the trial of a traverse, under tbe law regulating proceedings in cases of forcible entries and de-tainers.
The main question presented for the consideration and decision of this c-urt, involves an enquiry into the circuit court’s refusal to grant a new trial of the issue taken to tbe traverse.
The warrant which issued in favor of Woodfork, charges M’Cracken with having committed a forcible entry and detainer; and the new trial was asked tor on tbe ground of the verdict being against law and evidence.
From tbe bill of exceptions it appears evidence was introduced, tending to prove that whilst a certaiu John Montgomery was residing on the land now in contest, he sold the land to Woodfork, and at the same time took from Woodfork a lease for the land until the 15th of March thereafter; that Montgomery, in consequence of the lease, resided on the land as Woodfork’» tenant until the Ifllh of March, and paid Woodfork twelve and one half cents in consequence of the lease; that on the 15th of March, the day the lease expired, Montgomery went to Woodfork, informed him that he desired no longer to hold the possession of the land, and requested Woodfork to go and receive the possession; but Woodfork replied he did not want the place, and be would have nothing more to do with it, and at the same time observed that Montgomery had not complied with hi- part of the contract, and could not compel him, Woodfork, to take the land. It also appears from the evidence, that Montgomery then left Woodfork, and after returning home, about twelve o’clock of the same day, moved off with all his properly, except some of his poultry, leaving the house vacant; and that immediately after Montgomery left the house, a certain George Overton entered and took the possession; and on the same day M’-Cracken came to the house apparently intending to take the possession, but Overton would not permit him to do so, and after some altercation between Overton and M’-Cracken, they became reconciled, and tbe latter left the place leaving the former in possession, it also appears",, *525 that on the next day after Overton took the possession, he delivered the possession over 'o M’Cracken, and that M’-Cracken has continued in the possession ever since; and that Woodfork never demanded the possession until about three or four >veeks after Overto obtained the possession.
A vendee of lands leasing them to the vendor for a term, and refusing to take the possession at lhe request of the v mlor & declaring he would not abide by the purchase, cannot maintain a warrant of forcible entry and de-tainer ng’nst a stranger, who shall have entered on the abandonment of the vendor.
Pope for appellant.
Whether we consider Woodfork as proceeding either for a forcible entry or a forcible detainer, the principiéis not perceived on which his right to restitution can be maintained. He evidently cannot be entitled to restitution on the ground of a forcible entry having been made on his possession; for the proof is clear that Montgomery had not only removed Irem the house before Overton entered, but before he removed he was informed by Woodfork that he (Woodfork) would not receive the possession In whatever light the entry of Overton might have been viewed, there: fore, if Woodfork had no1, by his declarations to Montgomery, evinced a determination not to receive the possession, it is obvious that, after making those declarations, Wood-fork cannot have been possessed of the land when Over-ton entered, and consequently for that entry Woodfork cannot be entitled to restitution.
And it is equally clear Woodfork cannot obtain restitution on the ground of a forcible detainer of the possession; for as Montgomery was possessed of the land before be leased it from Woodlark, the lease could not have author-ised Woodfork to proceed against Montgomery for a forcible detainer in holding over, after the expiration of the lease; and if Montgomery could not have been compelled to make restitution, it is clear that neither Overton nor M’-Cracken can be, even were it conceded that from the evidence the jury might have presumed that Overton obtained the possession by the assent and approbation of Montgomery.
It results that a new trial ought to have been awarded, and, consequently, the judgment must be reversed with costs, and the cause remanded to the court below, and further proceedings there' had, not inconsistent with this opinion.